UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Edalia Sullivan and Carter Sullivan,

Plaintiffs,

vs.

Trans Union LLC, et al.,

Defendant(s).

2:24-cv-02299-MDC

ORDER

Pending before the Court are several *Motions to Dismiss* (ECF Nos. 22, 32, 40, 42, 43). For the reasons stated below, the Court grants the pending motions to dismiss.

**DISCUSSION**

**I. BACKGROUND**

Plaintiffs individually filed an action in cases 2:24-cv-02299-MDC (Edalia Sullivan) and 2:24-cv-02356-JCM-BNW (Carter Sullivan). Plaintiff named several credit reporting and loan agencies as defendants. After a series of voluntary dismissals, only Sallie Mae, Trans Union, and Equifax Information Services, LLC remained. Defendant Sallie Mae moved to consolidate the two actions, and plaintiffs filed non-oppositions.

Plaintiffs generally allege that on or about April 17, 2023, they filed for bankruptcy in the United States Bankruptcy for the District of Nevada pursuant to 11 U.S.C. § 1301, *et seq. See* ECF No. 9. Plaintiffs assert that none of the creditor-furnishers filed any proceedings to declare their alleged debts "non-dischargeable" or obtained relief from the automatic stay. Plaintiffs assert that "while the automatic stay was in effect during the bankruptcy, it was illegal and inaccurate for any creditor-furnisher named herein to report any post-bankruptcy derogatory collection information, pursuant to the Orders entered by the bankruptcy Court." *See* ECF No. 9 at 4. Plaintiffs allege that "[d]efendants either reported or caused to be reported inaccurate information as discussed below after Plaintiff's debts were discharged" and that the "inaccurate reporting did not comply with the Consumer Data Industry

Association's Metro reporting standards, which provides guidance for credit reporting and FCRA compliance. *ECF No. 9 at 5.*

Defendant Sallie Mae seeks to dismiss the Sullivans' claims under Rule 12(b)(6) for "failing to state a claim upon which relief can be granted." *See ECF No. 22 at 1*. Plaintiffs seek to voluntarily dismiss Trans Union and Equifax Information Services, LLC, which are unopposed. *See ECF Nos. 32, 42, 43*. Therefore, the only remaining motions to dismiss at issue are Sallie Mae's *Motions to Dismiss* (ECF Nos. 22, 40)[1].

## II. LEGAL STANDARD

A party may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* But even a facially plausible claim may be dismissed under Fed. R. Civ. P. 12(b)(6) for "lack of a cognizable legal theory." *Solida v. McKelvey*, 820 F.3d 1090, 1096 (9th Cir. 2016). Thus, to survive a motion to dismiss a claim must be both facially plausible and legally cognizable.

//

//

---

[1] For clarity of the record, when refencing the *Motions to Dismiss* (ECF Nos. 22, 40), the Court will cite to ECF No. 40, as both motions are near if not completely identical, and ECF No. 40 refers to the primary debtor.

### III. ANALYSIS

**A. Sallie Mae's Motions to Dismiss (ECF Nos. 22, 40)**

    **a. Legal Standard**

Plaintiffs bring this case under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. "Congress enacted the [FCRA], 15 U.S.C. §§ 1681-1681x, in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). The FCRA imposes some duties on the Credit Reporting Agencies ("CRA") to ensure that the reports are accurate. *Id.* Section 1681s-2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two categories of responsibilities. *Id.* at 1154. Subsection (a) requires furnishers to provide accurate information. *See* 15 U.S.C. § 1681s-2(a). Subsection (b) requires furnishers who have received notice of a dispute by CRAs to [1] investigate, [2] report, and [3] take corrective or mitigating action. *See generally* 15 U.S.C. § 1681s-2(b). The Ninth Circuit has held that "before a court considers the reasonableness of the agency's procedures, the consumer must make a 'prima facie showing' of inaccuracy in the agency's reporting." *Gross v. CitiMortgage Inc.,* 33 F.4th 1246, 1251 (9th Cir. 2022) (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)).

    **b. Rule 12(b)(6)**

Defendant Sallie Mae seeks dismissal of plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failing to state a claim upon which relief can be granted." Specifically, Sallie Mae asserts that plaintiffs "cannot establish that the disputed credit reporting information is inaccurate" because student loans are generally presumed to be nondischargeable. *See ECF No. 40 at 6.* In response, plaintiffs argue that the student loan in question "was a not a Qualified Education Loan that was exempt from discharge in bankruptcy. Rather, it was a dischargeable Non-Qualified Education Loan." *ECF No. 44 at 4.* Defendant refutes plaintiffs' position, arguing that plaintiff raises a new theory

for the first time and that plaintiffs would not be able to cure their deficiencies in an amended complaint. *See ECF No. 45*. Having reviewed the briefings, the Court finds that the main contention between the parties is the issue of whether plaintiffs' loan was a "dischargeable non-qualified education loan" and whether plaintiffs sufficiently pleaded that in the Complaint (ECF No. 9).

After reviewing the Complaint, the Court agrees with defendants that plaintiffs' Complaint (ECF No. 9) does not mention that the loan in question was a "dischargeable non-qualified education loan." Rather, plaintiffs allege, in relevant part:

> 17. On or about April 17, 2023, Plaintiff filed for bankruptcy in the United States bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. (the "bankruptcy").
>
> 19. None of the creditor-furnishers named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.
>
> 22. The accounts named herein (as applicable) were discharged through the bankruptcy on July 21, 2023.
>
> 23. However, Defendants either reported or caused to be reported inaccurate information as discussed below after Plaintiff's debts were discharged.
>
> 33. In Plaintiff's consumer report from Trans Union dated May 24, 2024, Trans Union and Sallie Mae inaccurately reported account No. 5852*** with a charged off status, late payment history from November 2023 to March 2024, and a balance of $32,595. This is inaccurate, misleading, and derogatory because the status should say the account was included in Plaintiff's bankruptcy, the account should not be reported with a late payment history after the bankruptcy filing, and the account should not be reported with a balance owed after the bankruptcy discharge.

*ECF No. 9 at 4-6.*

Rule 8 requires that a complaint provide "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* Twombly, 550 U.S. at 555. More specifically, a pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Id.* While a district court must accept as true all well-pleaded factual

allegations in the complaint, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679.

Here, plaintiffs allege that Sallie Mae reported ""inaccurate, misleading, and derogatory" information because plaintiffs' loan was discharged after the bankruptcy proceedings. *See ECF No. 9.* The Circuit has held that "[s]tudent loan obligations are presumptively nondischargeable in bankruptcy absent a showing of 'undue hardship.'" *Hedlund v. Educ. Res. Inst., Inc.*, 718 F.3d 848, 851 (9th Cir. 2013) (citing 11 U.S.C. § 523(a)(8)). Defendant argues that because plaintiff failed to enact adversarial proceedings to show undue hardship, the debt was not discharged[2]. *See generally ECF No. 40.* In their opposition, plaintiffs argue that the loan was a not a "Qualified Education Loan that was exempt from discharge in bankruptcy. Rather, it was a dischargeable Non-Qualified Education Loan." *ECF No. 44 at 4.* However, defendants are correct that plaintiffs raise this issue for the first time in their opposition. "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Therefore, the Court is bound by the four corners of plaintiffs' Complaint and will not consider new allegations that the loan is a "dischargeable Non-Qualified Education Loan." Thus, the Court finds persuasive defendant's contention that student loans are "presumptively nondischargeable" and finds dismissal appropriate. However, the Court is not convinced that dismissal should be with prejudice.

### c. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend

---

[2] Although not addressed in either briefing, the Court does note that Bankruptcy Courts have held that a showing of "undue hardship" comes after a lender has established the existence of a debt and that the debt falls under the statute. *Kashikar v. Turnstile Capital Mgmt., LLC (In re Kashikar)* ("Under § 523(a)(8), the lender has the initial burden to establish the existence of the debt and that the debt is an educational loan within the statute's parameters.") (citing *Roth v. Educ. Credit Mgmt. Corp. (In re Roth)*, 490 B.R. 908, 916-17 (9th Cir. BAP 2013).

even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

      Defendant Sallie Mae seeks to preclude plaintiffs from amending their Complaint on the basis that the information was not inaccurate and that plaintiffs' "pre-litigation credit reporting dispute did not contain any reference to his newly asserted position that the Loan was not a qualified education loan." *See ECF No. 45*. In short, defendants argue that they cannot be held liable for failing to investigate an issue that was not raised with the CRAs. However, the FCRA does not require such level of specificity when reporting disputes the CRAs. "A notice of dispute does not require precise language." *Davis v. Experian Info. Sols., Inc.*, 849 Fed.Appx. 690, 691 (9th Cir. 2021). "Ultimately…an inadequate CRA notification may limit the scope of a furnisher's § 1681s-2(b) duty, for example, by excusing a more limited investigation; it does not, however, eliminate the duty altogether." *Drew v. Equifax Info. Serv., LLC,* 690 F.3d 1100, 1107 (9th Cir. 2012) (citing *Gorman*, 584 F.3d at 1157 n.11). Therefore, plaintiffs' failure to articulate that the loan "was not a qualified education loan" in the dispute letter to the CRAs is not a ground for dismissal. Whether defendant's investigation was reasonable given the notice by the CRAs is a matter addressed after the development of facts.

      Defendant also objects to plaintiff raising new factual and legal theories in the opposition. *Id. at 3-4*. Defendant relies on *Hart v. Simon's Agency, Inc.*, 2021 U.S. Dist. LEXIS 60512 (N.D.N.Y. March 30, 2021) to argue "plaintiff[s] cannot allege new FCRA claims based on disputes that he failed to report directly to a CRA." Defendants misapply this case. The court in *Hart* agreed that new FCRA claims cannot be alleged based on disputes that were not reported directly to a CRA. However, this was in reference to plaintiff's "[cross-motion] for leave to amend on the grounds that discovery revealed additional violations of the FCRA." *Hart,* 2021 U.S. Dist. LEXIS 60512, at *7. The Court agrees with defendants that a party must not amend its pleadings in briefs filed in opposition to a motion to dismiss. *See Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, the Court finds

that failure to specifically articulate that the loan "was not a qualified education loan" to the CRA does not preclude amendment.

Furthermore "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broam v. Bogan,* 320 F.3d 1023, 1026 (9th Cir. 2003) (citing *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001)). In considering plaintiff's newly raised argument in the opposition, the Court finds that amendment to include such statements could potentially cure the complaint. Therefore, the Court will grant leave to amend.

**B. Plaintiffs' Motions to Dismiss (ECF Nos. 32, 42, 43)**

Plaintiffs also seek voluntarily dismissal of the CRA defendants (i.e., Trans Union and Equifax Information Services, LLC). Plaintiffs' request to dismiss those defendants are not disputed. Plaintiff's motions to dismiss the CRA defendants were not opposed (*ECF Nos. 32, 42, 43, 41*) or were stipulated (*ECF No. 43*). The Court, therefore, grants dismissal of defendants Trans Union and Equifax Information Services, LLC.

**IV. CONCLUSION**

Plaintiffs failed to state a claim upon which relief can be granted. The Court dismisses the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, the Court is not convinced that such dismissal should be with prejudice. Therefore, for the reasons stated above, the Court will grant leave to amend. The Court will also grant plaintiff's voluntary dismissal of the CRA defendants.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Sallie Mae's *Motions to Dismiss* (ECF Nos. 22, 40) are **GRANTED in part** as follows:

a. The Court dismisses plaintiff's claims against Sallie Mae but does so **without prejudice** and **with leave to amend**.

b. Should plaintiffs seek to amend, they must file the amended complaint by no later than **July 25, 2025**.

2. Plaintiffs' *Motions to Dismiss* (ECF No. 32, 42, 43) are **GRANTED**:

a. Plaintiff's claims against defendants Trans Union, LLC and Equifax Information Services LLC are dismissed without prejudice.

DATED this 10th day of July 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge